IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. _____ |
| v. | )<br>)<br>) **C O M P L A I N T** |
| WINDINGS, INC., | )<br>) **Jury Trial Demanded** |
| Defendant. | ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Tommie Kimball ("Kimball") who was adversely affected by such practices. The Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Windings, Inc. ("Defendant") discriminated against Kimball when it failed to hire him based on his race, bi-racial (black and white), in violation of Section 703(a), 42 U.S.C. §2000e-2(a).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Minnesota.

PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a Minnesota corporation doing business in the State of Minnesota and the City of New Ulm.  Defendant has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b) (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Tommie Kimball filed a charge with the EEOC alleging violations of Title VII by Defendant.

7. On March 9, 2015, the EEOC issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant discriminated against Kimball in violation of Title VII by failing to hire Kimball based on his race.  The EEOC invited Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

8. The EEOC engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

The EEOC and Defendant engaged in conciliation discussions from March 2015 through May 2015.

9. The EEOC was unable to secure from Defendant a conciliation agreement acceptable to the EEOC and on May 27, 2015, the EEOC issued to Defendant a Notice of Failure of Conciliation.

10. All conditions precedent to the institution of this suit have been fulfilled.

11. Defendant manufactures and assembles custom-built electric motor and generator components. It is headquartered in New Ulm, MN with production facilities in New Ulm and Mexico.

12. Since at least January 2014, Defendant engaged in unlawful employment practices at its facility in New Ulm, MN in violation of Section 703(a), 42 U.S.C. §2000e-2(a) by failing to hire Kimball based on his race, bi-racial (black and white).

13. Kimball applied for a vacant job as an assembler with Defendant. Kimball was qualified for the position as he passed the job-related assessment tests, and had previous work experience as an assembler at a manufacturing and service company.

14. Defendant interviewed Kimball for the job on or about January 9, 2014. Kimball was not selected for the job, and instead, Defendant hired a white person for the position. Defendant's reasons for its failure to hire Kimball are pretext for discrimination.

15. The effect of the practices complained of in paragraphs 12-14 above, has been to deprive Kimball of equal employment opportunities and otherwise adversely affect his status as an employee because of his race.

20. The unlawful employment practices complained of in paragraphs 12-14 above were and are intentional.

21. The unlawful employment practices complained of in paragraphs 12-14 above were done with reckless indifference to the federally protected rights of Kimball.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against an employee based on the employee's race.

B.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for bi-racial and black employees.

C.  Order Defendant to make whole Kimball by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, reinstatement, front pay in lieu of reinstatement, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described in paragraphs 12-14 above.

D.  Order Defendant to make whole Kimball by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 12-14 above, including medical expenses, and retirement or pension contributions in amounts to be determined at trial.

E.  Order Defendant to make whole Kimball by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 12-14 above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.  Order Defendant to pay Kimball punitive damages for its malicious and reckless conduct, as described in paragraphs 12-14 above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

        P. DAVID LOPEZ
        General Counsel

        JAMES LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

        U.S. EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        131 M Street, N.E.
        5th Floor
        Washington, D.C.  20507


        /s/John C. Henrickson
        John C. Hendrickson
        Regional Attorney


        /s/ Jean P. Kamp
        Jean P. Kamp
        Associate Regional Attorney


        /s/ Tina Burnside
        Tina Burnside (WI Bar No. 1026965)
        Senior Trial Attorney

        U.S. EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        Minneapolis Area Office
        330 Second Avenue South, Suite 720
        Minneapolis, Minnesota  55401

Telephone: (612) 335-4074
Facsimile: (612) 335-4044
tina.burnside@eeoc.gov